UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN JACKSON,

    Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DOES 1 through 100, Inclusive,

    Defendants.
_____/

No. C 06-7368 PJH

**ORDER GRANTING SUMMARY JUDGMENT IN PART AND DENYING SUMMARY JUDGMENT IN PART**

Defendant's motion for summary judgment or in the alternative, for summary adjudication, came on for hearing before this court on November 14, 2007. Plaintiff Steven Jackson ("plaintiff") appeared through his counsel, Thomas J. LemMon. Defendant, State Farm Mutual Automobile Insurance Co. ("defendant"), appeared through its counsel, Stephen M. Hayes. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES summary judgment in part and GRANTS summary judgment in part, for the reasons stated at the hearing, and summarized as follows.

    1.    Defendant's motion for summary judgment is GRANTED with respect to plaintiff's first and third causes of action alleging breach of contract, since defendant paid plaintiff the value of its claim under the terms of the policy and as such, satisfied its obligation under the policy. See, e.g., Paulson v. State Farm Mut. Auto. Ins. Co., 867 F. Supp. 911, 917 (C.D. Cal. 1994)(finding no breach of contract in similar circumstances).

    2.    Defendant's motion for summary judgment as to plaintiff's second and fourth causes of action setting forth bad faith claims, is DENIED. Defendant has submitted

1 persuasive evidence that a reasonable dispute existed as to the value of plaintiff's claim,
2 and that it furthermore relied on the advice of competent counsel in taking at least some of
3 the actions complained of by plaintiff.  Nonetheless, the evidence, when viewed as a whole,
4 indicates that material disputes of fact exist as to whether defendant's actions in
5 investigating and processing plaintiff's claim, and the speed with which defendant did so,
6 were ultimately reasonable.  <u>See, e.g., Carlton v. St. Paul Mercury Ins. Co.</u>, 30 Cal. App.
7 4th 1450, 1456 (1994)(ultimate test of bad faith liability in first party cases is whether the
8 refusal to pay policy benefits, or alleged delay in paying, was unreasonable).  Accordingly,
9 the evidence, and the strength of plaintiff's claims, must be evaluated by the trier of fact.

10        3.      To the extent that defendant argues that application of the California litigation
11 privilege operates to bar plaintiff's bad faith claims, and that summary judgment of these
12 claims is also appropriate on this ground, the court DENIES defendant's motion.
13 Defendant has failed to identify qualifying communications upon which plaintiff's claims
14 rest, and to establish grounds for an absolute defense based on such particularized
15 communications.  <u>See, e.g., Kimmel v. Goland</u>, 51 Cal. 3d 202, 212 (1990)(litigation
16 privilege applies to communications, not conduct); <u>Flores v. Emerich & Fike</u>, 416 F. Supp.
17 2d 885, 905-06 (E.D. Cal. 2006)(distinguishing conduct from communication in applying
18 litigation privilege).

19        4.      Finally, defendant's motion for summary adjudication of plaintiff's claim for
20 punitive damages is GRANTED, since plaintiff has failed to introduce any clear and
21 convincing evidence of the type of conduct by defendant that would rise to the level of
22 despicable or egregious conduct sufficient to support a finding of punitive damages.  <u>See,</u>
23 <u>e.g., Tomaselli v. Transamerica Ins. Co.</u>, 25 Cal. App. 4th 1269, 1287 (1994)(despicable
24 conduct is generally considered to be "conduct which is so vile, base, contemptible,
25 miserable, wretched or loathsome that it would be looked down upon and despised by
26 ordinary decent people."); <u>Mock v. Michigan Millers Mutual Ins. Co.</u>, 4 Cal. App. 4th 306,
27 329 (1992)("'a consistent and unremedied pattern of egregious insurer practices' [is
28

required] in order for the insurer's 'bad faith' conduct to rise to the level of malicious disregard of the insured's rights so as to warrant the imposition of punitive damages.").

In sum, the only claims that remain for trial are plaintiffs' bad faith claims, as set forth in the second and fourth causes of action to plaintiff's complaint.

**IT IS SO ORDERED.**

Dated: November 15, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge